Upon appeal from a conviction in the mayor's court, this defendant was tried de novo in the Superior Court for a violation of an ordinance of the town of Elm City, reading as follows:
"The Board of Commissioners of the Town of Elm City do ordain:
"1. From and after the adoption and publication of this ordinance it shall be unlawful for any person to keep a store or place of business open on Sundays after 8 a.m., and every person convicted of the violation of this ordinance shall be find $15.00 for the first offense and $25.00 for the second and all other offenses. Each Sunday's violation shall constitute a separate offense."
In support of the charge the State introduced the foregoing ordinance, and witnesses gave testimony tending to show that the defendant kept open and operated his store or place of business between the hours of eight and ten a.m., on Sunday, 24 October, 1937, as alleged in the warrant. The State further introduced evidence tending to show that the defendant had gas and oil pumps in front of his store or place of business, and that he sold gasoline, oils, and automobile accessories in connection with sale of other merchandise, such as bottled drinks, tobaccos, groceries and other merchandise, in and connected with his place of business on said Sunday, except during the hours of 10 a.m. to 12 noon, at which time he closed his place of business.
At the conclusion of the State's evidence the defendant moved for judgment as of nonsuit, which motion was overruled. *Page 826 
The defendant offered evidence tending to show that he operated a gasoline service station, and introduced a further ordinance of the town of Elm City, reading as follows:
"The Board of Commissioners of the Town of Elm City do ordain:
"1. From and after the adoption and publication of this ordinance it shall be unlawful for any gasoline service station, operating within the corporate limits of the town of Elm City, to remain open on Sunday between the hours of 10 a.m. and 12 o'clock noon, and every person convicted of the violation of this ordinance shall be fined $15.00 for the first offense and $25.00 for the second and all other offenses. Each Sunday violation shall constitute a separate offense."
The defendant also introduced in evidence his license to operate a service station and a metal tag furnished him by the State Department of Revenue, designating his place of business as North Carolina Service Station No. 22113.
At the conclusion of all the evidence the defendant renewed his motion for judgment as of nonsuit, which was overruled, and defendant excepted.
There was a verdict of guilty and the defendant was fined $15.00, from which judgment defendant appealed.
The validity of the ordinances cited and quoted in the record not having been challenged, the evidence was sufficient to sustain the conviction, and the judgment is
Affirmed.